## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TRAVIS D. STEVENS,**
**Claimant Below, Petitioner**

**vs.)   No. 15-1216** (BOR Appeal No. 2050552)
                    (Claim No. 2013002651)

**CABELL COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Travis D. Stevens, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cabell County Board of Education, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 24, 2015, in which the Board affirmed a May 22, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 8, 2014, decision granting a 1% permanent partial disability award and instead granted Mr. Stevens a 2% award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stevens, a special education aid and custodian, injured his left ankle, left knee, and right shoulder in the course of his employment on July 10, 2012, when he slipped and fell. A treatment note by Stanley Tao, M.D., indicates he underwent surgery in October of 2012 for the right shoulder. Mr. Stevens reported on May 21, 2013, that he was still having pain in his neck and tightness in his rotator cuff area. Dr. Tao assessed rotator cuff sprain, impingement syndrome, and muscle sprain.

1

Three independent medical evaluations were performed in this case in order to determine Mr. Stevens's impairment. Marsha Bailey, M.D., performed the first evaluation on January 23, 2014. She diagnosed chronic right shoulder pain following a small rotator cuff tear and surgery. She noted that the cervical spine is not a compensable condition in the claim. She determined that Mr. Stevens had reached maximum medical improvement and stated that his ongoing complaints are the result of impingement syndrome. His left knee sprain had resolved, and his left ankle and foot complaints were found to be the result of pre-existing club foot. Dr. Bailey assessed 0% left extremity impairment. For the right shoulder, she found 1% whole person impairment. The claims administrator thereafter granted Mr. Stevens a 1% permanent partial disability award on April 8, 2014.

Bruce Guberman, M.D., performed an independent medical evaluation on June 5, 2014. He noted that Mr. Stevens reported pain in his left ankle, cervical spine, and right shoulder. He diagnosed post rotator cuff tear repair, acute and chronic cervical spine strain, and chronic post-traumatic left ankle strain. For the right shoulder, Dr. Guberman assessed 5% whole person impairment. For the left knee, ankle, and foot, he found 0%. For the non-compensable cervical spine, he assessed 7% impairment. His total recommendation was 12% impairment.

On January 9, 2015, Carol Meisoll stated in an affidavit that she is the workers' compensation claims adjuster responsible for Mr. Stevens's case. She reviewed Dr. Guberman's evaluation in which he assessed 12% impairment, 7% of which was for the cervical spine. She stated that the claim is not compensable for the cervical spine and the claims administrator had never received a request to add the cervical spine to the claim. She clarified that the claim is compensable for the right shoulder, left knee, and left ankle.

Prasadarao Mukkamala, M.D., performed the final independent medical evaluation on Mr. Stevens on January 27, 2015. At that time, Mr. Stevens reported pinching in his neck with movement and right shoulder pain. He also stated that prolonged walking bothered his left foot. Dr. Mukkamala diagnosed sprain of the right shoulder, left knee, left ankle, and left foot. He found no evidence that Mr. Stevens injured his neck when he fell; therefore, the cervical spine was not part of the claim. For the right shoulder, he assessed 2% impairment. He found no impairment for the left lower extremity. His final assessment was therefore 2% whole person impairment.

On May 22, 2015, the Office of Judges reversed the claims administrator's decision and granted Mr. Stevens a 2% permanent partial disability award. The Office of Judges found that the allowed conditions in the claim were for the right shoulder, left knee, and left ankle. The cervical spine was determined to be non-compensable. Since Dr. Guberman included a non-compensable condition in his assessment, his impairment rating was found to be unpersuasive. The Office of Judges concluded that since no evaluator found impairment for the left knee or ankle, Mr. Stevens has 0% impairment for such conditions. It determined that Dr. Bailey found 1% impairment for the right shoulder while Dr. Mukkamala found 2% impairment. The Office of Judges found the two recommendations to be of equal evidentiary weight and therefore Dr. Mukkamala's finding of 2% impairment was adopted. The Board of Review adopted the findings

of fact and conclusions of law of the Office of Judges and affirmed its Order on November 24, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Mr. Stevens injured his left lower extremity and right shoulder as a result of the compensable injury. The cervical spine has never been a compensable component of the claim. Dr. Mukkamala's report is reliable and well-reasoned. The Office of Judges was not wrong to rely upon it.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II